BARBARA MILANO KEENAN, Circuit Judge,
concurring:
I join Judge Gregory’s fine majority opinion in full. I write briefly to emphasize that despite the dissent’s dystopian view, the majority has rendered a straightforward and limited decision: that the plaintiffs should be permitted to amend their original complaint after a dramatic shift in the law regarding class action certification.
Meaningful access to the courts requires that plaintiffs have a fair opportunity to plead their case in accordance with the prevailing legal standard. The plaintiffs here should not be penalized for failing to amend their complaint in anticipation of Walr-Mart, but should be permitted this first attempt to amend following that decision. Additionally, the plaintiffs obtained new information about the corporate structure of Family Dollar during mediation occurring after the original complaint was filed, which facts they reasonably chose to include in the proposed amended complaint. Despite the dissent’s apparent assumption that the class will be certified by the district court, if the allegations included in the amended complaint ultimately are not substantiated, the class simply will not be certified, and the plaintiffs’ case will fail.
The dissent nevertheless sweeps broadly and bleakly, convinced that the class action mechanism is being used to “punish” the business community “for nothing more than being companies.” Dissent at 35. However, the majority opinion simply allows a putative class to re-plead its class allegations, in accordance with Federal Rules of Civil Procedure 15 and 23. Under the majority’s holding, the ability of litigants to seek access to our courts will be restricted solely by the strength of their case.